# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GAEDEKE HOLDINGS VII, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> STAMPS BROTHERS OIL AND ) <br> GAS, LLC, GRANDE OIL & GAS, ) <br> INC., an Oklahoma corporation; and ) <br> CHARLES A. SWANSON, an ) <br> individual, ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> GRANDE OIL & GAS, INC., ) <br> ) <br> Plaintiff and ) <br> Counterclaim-Defendant, ) <br> ) <br> -vs- ) <br> ) <br> GAEDEKE OIL & GAS ) <br> OPERATING, LLC and GAEDEKE ) <br> HOLDINGS VII, LTD., ) <br> ) <br> Defendants and ) <br> Counterclaim-Plaintiffs, ) <br> ) <br> -vs- ) <br> ) <br> CHARLES A. SWANSON, ) <br> ) <br> Counterclaim-Defendant. ) | Case No. CIV-19-344-F <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. CIV-20-170-F |

# ORDER

Before the court is Gaedeke Oil & Gas Operating, LLC and Gaedeke Holdings, VII, Ltd.'s Motion for Judgment as a Matter of Law or in the Alternative Default Judgment Against Charles A. Swanson. *See*, doc. no. 202 in Case No. CIV-19-344-F and doc. no. 162 in Case No. CIV-20-170-F. Charles A. Swanson (Swanson) has responded, opposing the requested relief, and Gaedeke Oil & Gas Operating, LLC and Gaedeke Holdings, VII, Ltd. (GHVII) (collectively, the Gaedeke Parties) have replied. *See*, doc. nos. 206 and 207 in Case No. CIV-19-344-F and doc. nos. 166 and 167 in Case No. CIV-20-170-F. Upon due consideration, the court makes its determination.

I.

*Background*

From 2013 until approximately September 2019, Swanson, a landman, through his entity, Grande Oil and Gas, Inc. (Grande), provided certain services to the Gaedeke Parties, including leasehold acquisitions and oil and gas drilling and operating activities.

In April of 2019, GHVII commenced an action in this district against Stamp Brothers Oil and Gas, LLC (Stamp Brothers), arising out of the acquisition of certain leaseholds in Grady County. With leave of court, GHVII added Grande and Swanson as defendants. As to Grande and Swanson, GHVII asserted the following claims: negligence, breach of contract, fraud, conspiracy to commit fraud, and breach of fiduciary obligations. GHVII sought relief in the form of compensatory and punitive damages. In addition, it sought relief in the form of a constructive trust, claiming Grande and Swanson were unjustly enriched to their detriment. Stamp Brothers also alleged counterclaims against GHVII and crossclaims against Grande and Swanson. GHVII's claims and Stamp Brothers' crossclaims against Grande and

2

Swanson and Stamp Brothers' counterclaims against GHVII proceeded in Case No. CIV-19-344-F.

At the end of December 2019, Grande filed an action against the Gaedeke Parties in the District Court of Oklahoma County seeking to recover payment for certain services provided to the Gaedeke Parties and requesting declaratory relief with respect to ownership of certain claims, referred to as the Pickard and Melear Claims. The action was removed by the Gaedeke Parties to this court. Upon motion by the Gaedeke Parties, the action was dismissed without prejudice on the ground that Grande lacked capacity to sue because its entity status had been suspended by the Oklahoma Tax Commission (OTC) on August 4, 2006. After reinstatement by the OTC, Grande refiled its action in this district on February 26, 2020. Subsequently, the Gaedeke Parties filed counterclaims against Grande and Swanson. The counterclaims included breach of contract, fraud, breach of fiduciary obligations, negligence, and professional malpractice/negligence. The Gaedeke Parties sought relief in the form of compensatory and punitive damages, as well as the imposition of a constructive trust. Grande's claims against the Gaedeke Parties and the Gaedeke Parties' counterclaims against Grande and Swanson proceeded in Case No. CIV-20-170-F.

Initially, during the proceedings in Case No. CIV-19-344-F and Case No. CIV-20-170-F, Grande and Swanson were represented by Larry Ball and Tami Hines of the law firm Hall, Estill, Hardwick, Gable, Golden & Nelson P.C. Upon motion, Mr. Ball and Ms. Hines were allowed to withdraw as counsel in September of 2022. At the time, the cases were in the discovery phase. Thereafter, Jodi Cole and Katherine Crowley of the law firm McAfee & Taft entered an appearance of behalf of Grande and Swanson.

In early January of 2024, the Gaedeke Parties moved to compel Grande and Swanson to produce their respective income tax returns for the years 2012 to the present and to have Swanson submit to a second deposition to answer questions refused in his first deposition. The court set the motion for hearing and directed Grande and Swanson to bring federal returns, 2012 to the present, to the hearing for possible *in camera* review by the court. Shortly before the hearing, the court received notice that Grande and Swanson did not have the requested tax returns in their care, custody, and control and could not bring the documents to the hearing. Grande and Swanson represented that they were in the process of working with a tax professional to address certain obligations regarding the tax returns, and upon completion, would immediately provide notice to the court.

At a hearing held on January 23, 2024, the court granted the Gaedeke Parties' motion to compel and determined that the tax returns at issue were discoverable. The court required the tax returns to be produced not later than three working days after the returns were filed. The court deferred consideration of a supplemental deposition of Swanson but allowed the Gaedeke Parties to move for supplemental deposition at the time the tax returns were produced.

In April 2024, Stamps Brothers filed a Chapter 7 bankruptcy petition. GHVII's claims against Stamps Brothers were accordingly stayed.

On July 8, 2024, the court issued its civil jury trial docket setting Case No. CIV-19-344-F and Case No. CIV-20-170-F for jury trial on September 16, 2024. That same day, Ms. Cole and Ms. Crowley filed a motion requesting permission to withdraw as counsel for Grande and Swanson. Ms. Cole and Ms. Crowley cited Grande and Swanson's failure to comply with the terms of the engagement letter with counsel as reason for the requested withdrawal. In addition, counsel stated that

for reasons it could provide in camera to the court if requested, McAfee & Taft could not ethically continue to represent Grande and Swanson.

On July 10, 2024, the court entered an order granting Ms. Cole and Ms. Crowley's withdrawal request. In that order, the court directed Grande to secure an entry of appearance by new counsel on or before August 9, 2024. The court also ordered Swanson to secure entry of appearance by new counsel or enter an appearance *pro se* on or before August 9, 2024. The court advised that failure of Grande and Swanson to comply may result in an order from the court that is just, which may include a judgment in favor of GHVII on its claims against Grande and Swanson in Case No. CIV-19-344-F, and a dismissal in favor of the Gaedeke Parties on Grande's claims against the Gaedeke Parties, and a judgment in favor of the Gaedeke Parties on the Gaedeke Parties' pending counterclaims against Grande and Swanson in Case No. CIV-20-170-F.

In the July 10th order, the court also ordered a written update regarding the current status of the preparation, submission, and production of tax returns for Grande and Swanson.

On July 23, 2024, Ms. Cole and Ms. Crowley filed a notice, attaching a statement, dated July 19, 2024, from Swanson which represented that he had retained Travis W. Watkins Tax Resolution and Accounting Firm and Lineline Financial, LLC to prepare tax returns for himself and Grande.

On August 8, 2024, the court entered an order denying the Gaedeke Parties' motion for partial summary judgment as to Grande's claims against them and as to their counterclaim for breach of fiduciary duty and their request for imposition of a constructive trust.

5

On August 12, 2024, the court entered an order granting Grande and Swanson a 30-day extension of time to secure new counsel. The court continued the cases to its November 6, 2024 jury trial docket.

On September 11, 2024, Swanson filed a paper seeking to enter his appearance *pro se*. The next day, the court entered an order striking the entry of appearance for failure to comply with Rule 11(a), Fed. R. Civ. P., and gave Swanson 14 days to file an entry of appearance which complied with Rule 11(a). Swanson thereafter filed an entry of appearance in compliance with Rule 11(a).

Grande did not secure new counsel as ordered by the court. On September 30, 2024, the court entered an order in Case No. CIV-19-344-F finding that GHVII was entitled to entry of a default judgment as to its Second Amended Complaint against Grande pursuant to Rule 16(f)(1)(C), Fed. R. Civ. P. It also entered an order in Case No. CIV-20-170-F determining that the Gaedeke Parties were entitled to entry of default judgment as to their Re-stated Amended Counterclaims against Grande pursuant to Rule 16(f)(1)(C), Fed. R. Civ. P. The First Amended Complaint and action of Grande against the Gaedeke Parties were dismissed without prejudice pursuant to Rule 41(b), Fed. R. Civ. P. The court advised that an evidentiary hearing for purposes of determining the appropriate award of damages and any other relief against Grande in favor of the Gaedeke Parties would be scheduled.

On October 28, 2024, the court entered an order granting the Gaedeke Parties and Swanson leave to file a dispositive motion by November 5, 2024 and striking the cases from the November 6, 2024 jury trial docket. The court set the cases for hearing on October 31, 2024 to discuss the waiver of jury trial and the consolidation of all remaining claims and damages determinations for a non-jury trial to be set in late January 2025.

Initially, upon agreement of the parties, Case No. CIV-19-344-F and Case No. 20-170-F had been consolidated for discovery purposes only.  At a hearing held on October 31, 2024, the parties agreed to consolidation of the cases for a non-jury trial to be set in late January of 2025.  During the hearing and in an order entered on November 1, 2024, the court advised that it would receive evidence for the purpose of determining the appropriate award of damages and any other relief in favor of the Gaedeke Parties and against Grande at the non-jury trial.  In addition, the court specifically directed Swanson to provide the required tax returns to counsel for the Gaedeke Parties no later than one week from October 31, 2024.

Upon motion, GHVII's claims against Stamp Brothers and Stamp Brothers' counterclaim against GHVII and crossclaims against Grande and Swanson were dismissed without prejudice to refiling.

On November 5, 2024, the Gaedeke Parties filed their motion for judgment as a matter of law, or in the alternative, for default judgment against Swanson.

On December 9, 2024, Swanson filed an "Advice of Bankruptcy" notifying the court that Grande had filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.  The next day, the court entered an order staying GHVII's action against Grande in Case No. CIV-19-344-F and the Gaedeke Parties' counterclaims against Grande in Case No. CIV-20-170-F.  In that order, the court advised that GHVII's action against Swanson and the Gaedeke Parties' counterclaim action against Swanson would continue with further proceedings.

Subsequently, upon agreement of the parties, a judicial settlement conference was conducted.  The parties were not able to reach an agreeable resolution.

II.

*The Gaedeke Parties' Arguments*

In their motion, the Gaedeke Parties seek a judgment in favor of GHVII as to the claims against Swanson in the Second Amended Complaint in Case No. CIV-19-344-F and a judgment in favor of the Gaedeke Parties as to the counterclaims against Swanson in the Re-stated Amended Counterclaims in Case No. CIV-20-170-F. The Gaedeke Parties assert that this court determined, in its September 30, 2024 orders, that they were entitled to default judgment with respect to the claims and counterclaims against Grande. They contend that Swanson should be held personally liable to the same extent as Grande. The Gaedeke Parties maintain that in the response to the Gaedeke Parties' partial summary judgment motion, Swanson expressly conceded that he is liable for the debts of Grande. According to the Gaedeke Parties, this concession constitutes a binding judicial admission. They posit that Swanson's admission has the effect of "releasing" them from the burden of proving the facts necessary to establish Swanson's personal liability. *See*, doc. no. 202, ECF p. 14 in Case No. 19-344-F, doc. no. 162, ECF p. 14 in Case No. CIV-20-170-F. Consequently, relying upon the judicial admission, the Gaedeke Parties request judgment as a matter of law on the issue of Swanson's personal liability, reserving the issue of damages to be determined at the non-jury trial.

Even if Swanson had not expressly and bindingly admitted his liability for Grande's debts, the Gaedeke Parties contend that Swanson is liable for those debts under Oklahoma law. First, the Gaedeke Parties argue based upon the evidence in the record, Grande is a sham entity whose corporate form must be disregarded. Second, they argue that Swanson is personally liable for Grande's debts under 68 O.S. § 1212(C) because Grande was suspended by the OTC during the relevant time

of the parties' relationship, and Swanson had knowledge of, approved of, and consented to, Grande's acts or omissions.

In the alternative, the Gaedeke Parties request the court to enter default judgment against Swanson on GHVII's claims and their counterclaims against Swanson as a sanction for Swanson's discovery misconduct. They assert that Swanson has not complied with the court's orders with respect to the tax returns. They also contend that Swanson made misrepresentations with respect to the status and filing of the tax returns and with respect to certain discovery responses.

III.

*Discussion*

"A judicial admission is an express waiver made . . . by the party or his attorney conceding for purposes of the trial the truth of some alleged fact." United States v. Gallegos, 111 F.4th 1068, 1076 (10th Cir. 2024) (internal quotation marks and citation omitted). "Judicial admissions include 'formal concessions in the pleadings' and 'are "not evidence at all but rather have the fact of withdrawing a fact from contention."'" Wells Fargo Bank, N.A. v. Mesh Suture, Inc., 31 F.4th 1300, 1313 (10th Cir. 2022) (quoting Keller v. United States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995), quoting Michael H. Graham, Federal Practice and Procedure § 6726 (interim ed.)). "'Judicial admissions are not . . . limited to affirmative statements that a fact exists. They also include intentional and unambiguous waivers that release the opposing party from its burden to prove the facts necessary to establish the waived conclusion of law.'" *Id*. (quoting Meyer v. Berkshire Life Ins. Co., 372 F.3d 261, 264-65 (4th Cir. 2004)).

On May 21, 2024, the "Grande Parties" responded to the Gaedeke Parties' motion for partial summary judgment in Case No. CIV-20-170-F. In that response, doc. no. 127, "Grande Parties" was defined to include Swanson. *Id*. at ECF p. 1. On

9

ECF p. 26 of that response, under the heading "**The Grande Parties agree that Swanson is liable for the debts of Grande**" (emphasis in original), the Grande Parties, including Swanson, acknowledged that "[t]o the extent the Gaedeke Parties are able to prove any of their claims, Swanson agrees that he is liable for the debts of Grande." The court agrees with the Gaedeke Parties that this constitutes a binding judicial admission.

In response to the present motion, Swanson argues, first, that he "did not admit or stipulate that he was liable." *See*, doc. no. 206, ECF p. 6 in Case No. CIV-19-344-F and doc. no. 166, ECF p. 6 in Case No. CIV-20-170-F. The court agrees with that argument, as far as it goes. What Swanson admitted, is, in substance, that he is liable *to the extent* that Grande is liable. The liability—but not the *extent* of liability, *viz*., damages or other forms of relief—of Grande has been adjudicated. *See*, doc. no. 147 in Case No. CIV-20-170-F (Order of September 30, 2024), at ECF p. 6, finding the Gaedeke Parties entitled to entry of default judgment against Grande on Re-stated Amended Counterclaims against Grande and doc. no. 182 in Case No. CIV-19-344-F (Order of September 30, 2024), finding GHVII entitled to entry of default judgment against Grande on the Second Amended Complaint. Accordingly, the adjudicated liability of Grande is now the liability of Swanson. What remains is for the Gaedeke Parties to prove up damages or other forms of relief (or both).[1]

---

[1] It should be borne in mind that Swanson's liability does not arise just from the fact that liability has been adjudicated by default against Grande. Imposing personal liability on Swanson on that basis, without more, would be harsh. The added ingredient is Swanson's admission that he is liable to the extent Grande is liable. Swanson gave up little (or, more likely, nothing) by making that admission. He avoided a finding of personal liability under 68 O.S. § 1212(C) only because the court declined, in ruling on a motion for partial summary judgment in Case No. CIV-20-170-F, to impose liability as a matter of law on Grande. Order at doc. no. 137 in Case No. 20-170-F, filed August 8, 2024. Consequently, at that juncture, there was no liability on the part of Grande to flow through to Swanson. That changed on September 30, 2024, with the entry of the order at doc. no. 147 in Case No. CIV-20-170-F and the order at doc. no. 182 in Case No. CIV-19-344-F.

Swanson also argues that he did not authorize the admission quoted above from ECF p. 26 of his partial summary judgment response in Case No. CIV-20-170-F. *See*, doc. no. 206, at ECF p. 5, ¶ 32 and doc. no. 166, at ECF p. 5, ¶32.  Swanson is bound by that admission notwithstanding his attempt to disavow it.  *See*, Grynberg v. Bar S Services, Inc., 527 Fed Appx. 736, 739 (10th Cir. 2013) (Party's "attempt to disavow his earlier judicial admissions about the validity of a contract with seemingly contrary evidence at summary judgment does not create a disputed issue of fact.") (unpublished decision cited and quoted as persuasive pursuant to 10th Cir. R. 32.1(A)); *see also*, Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 592 (2013) ("[T]he vital feature of a judicial admission is universally conceded to be its *conclusiveness* upon the party making it[.]") (internal quotation marks and citation omitted, emphasis in original); Christian Legal Soc. Chapter of the Univ. of Cal., Hastings College of the Law v. Martinez, 561 U.S. 661, 677 (2010) (Factual stipulations are "binding and conclusive" and "not subject to subsequent variation."); Gripe v. City of Enid, 312 F.3d 1184, 1189 (10th Cir. 2002) (a litigant is bound by his attorney's actions).

Wholly aside from Swanson's judicial admission, his personal liability under 68 O.S. § 1212(C) is clear.  The relevant portion of the statute states that:

> Each trustee, director or officer of any such corporation, association or organization, whose right to do business within this state shall be so forfeited, shall, as to any and all debts of such corporation, association or organization, which may be created or incurred with his or her knowledge, approval and consent, within this state after such forfeiture and before the reinstatement of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such trustees, directors, and officers of such corporation, association or organization were partners.

68 O.S. § 1212(C).

To "incur" an obligation within the meaning of this section means "means 'to become liable for,' and 'the word "liable" means the state of one being bound in law to do, pay, or make good something which can be enforced by legal action.'" K.J. McNitt Const., Inc. v. Economopoulos, 23 P.3d 983, 984 (Okla. Civ. App. 2001) (quoting Phillips & Stong Engineering Co. v. Howard B. James Associates, Inc., 529 P.2d 1013, 1016 (Okla. Civ. App. 1974)).  The statute makes no distinction between contractual indebtedness and other obligations a company might become "bound in law to do, pay, or make good something which can be enforced by legal action," *id.*, such as the predominantly *ex delicto* liability asserted by the Gaedeke Parties against Grande and Swanson.  The Gaedeke Parties' argument under § 1212(C) is well-supported, doc. no. 202, at ECF pp. 15-16 and doc. no. 162, at ECF pp. 15 and 16, and Swanson offers no response.

Consequently, Swanson is personally liable both directly and by virtue of Grande's liability, the extent of which remains to be proven at the trial later this month.

The personal liability of Swanson is plainly established on the basis of the matters discussed above.  There is accordingly no need to address the more complicated issue of whether a default judgment should be entered against Swanson on the basis of his failures to comply with the court's discovery orders.  A ruling in favor of the Gaedeke Parties on that basis would not put the Gaedeke Parties in a better position than they are in now, on the basis of the rulings set forth above.  Therefore, the alternative request for default judgment will be denied as unnecessary.

IV.

*Conclusion*

For the reasons stated, Gaedeke Oil & Gas Operating, LLC and Gaedeke Holdings VII, Ltd.'s Motion for Judgment as a Matter of Law (doc. no. 202 in Case No. CIV-19-344-F and doc. no. 162 in Case No. CIV-20-170-F) is **GRANTED**. The issue of damages will be determined at the non-jury trial to be held later this month.

In light of the court's ruling, Gaedeke Oil & Gas Operating, LLC and Gaedeke Holdings VII, Ltd.'s alternative request for default judgment (doc. no. 202 in Case No. CIV-19-344-F and doc. no. 162 in Case No. CIV-20-170-F) is **DENIED** as unnecessary.

DATED this 10th day of January, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0344p029.docx